UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  DANIEL MALSCH                    :  CHAPTER 13
   Debtor(s)                              :
                                          :
  CHARLES J. DEHART, III                :
  STANDING CHAPTER 13 TRUSTEE          :
   Movant                             :
                                      :
   vs.                                :
                                      :
  DANIEL MALSCH                          :
   Respondent(s)                      :  CASE NO.  5-17-bk-03339


TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

   AND NOW, this  22nd  day of January, 2018, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

   1.  Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

   2.  Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(1) in that the plan classifies unsecured claims but unfairly discriminates certain claims in the designation.   More specifically, the plan provides for payment of:

     a.  Transfers/payments to third parties – 50% interest in
      recording and music equipment to wife valued at
      $334,255.00.

   3.  Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.   More specifically, debtor's have excess non-exempt equity in the following:

     a.  Business assets - valuation

   4.  The Trustee avers that debtor(s)' plan is not feasible based upon the following:

     a.  The plan fails to provide that the sale or refinance of debtor(s) real
      estate will occur within one year.

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. 2017 Federal Income Tax return.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:


/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097


CERTIFICATE OF SERVICE

AND NOW, this 6th day of February, 2018, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Patrick James Best, Esquire
202 Delaware Avenue
Palmerton, PA 18071


/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee