IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Daniel Malsch | : | CHAPTER 13 |
| | : | |
| | : | CASE NO. 5:17-bk-03339 |
| | : | |
| | : | ___ ORIGINAL PLAN |
| | : | ☒ 1ˢᵗ AMENDED PLAN |
| | : | ___ Motions to Avoid Liens |
| | : | ___ Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1.     PLAN FUNDING AND LENGTH OF PLAN.**

   **A. Plan Payments From Future Income**

   1. To date, the Debtor paid $595 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $8,061.16, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Over Plan Tier |
|---|---|---|---|---|---|
| Month 1 (9/2017) | Month 11 (7/2018) | | | Paid to Date | $595.00 |
| Month 12 (8/2018) | Month 24 (8/2019) | $152.37 | $945.00 | $1,097.37 | $14,265.81 |
| Month 25 (9/2019) | Month 60 (8/2022) | $152.37 | | $152.37 | $5,485.32 |
| | | | | Total Payments: | $20,346.16: $8,061.16 (Base Plan) $12,285.00 (Adequate Protection/Conduit) |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   Check one of the following two lines.

   ☐ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

   ☒ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $0 from the sale of property known and designated as 4792 Coolbaugh Road n/k/a 5348 Spruce Lane, East Stroudsburg, PA 18302. While Debtor does not anticipate any non-exempt equity from sale, should there be non-exempt equity it shall be paid into the plan for the benefit of unsecured creditors, pro rata. Secured creditors will be paid at closing consistent with Paragraph 2(D) and Paragraph 9 below.

    In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $0 from the sale of property known and designated as 5340 Spruce Lane, East Stroudsburg PA 18302. While Debtor does not anticipate any non-exempt equity from sale, should there be non-exempt equity it shall be paid into the plan for the benefit of unsecured creditors, pro rata. Secured creditors will be paid at closing consistent with Paragraph 2(D) and Paragraph 9 below.

    All sales shall be completed by August 30, 2019. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Debtor will amend the Plan to either repay the arrears or surrender the property.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____
_____

**2.  SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one*.

☐ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

☒ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payments |
|---|---|---|
| **Citizens Bank of Pennsylvania (Claim 4-1)** | 7616 | $845 |
| **Monroe County Tax Claim Bureau (Claim 3-1)** | Parcel ID: 09/13/3/18 | $100 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced.

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one*.

☒ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check one*.

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **Monroe County Tax Claim Bureau (Claim 3-1)** | 5348 Spruce Lane, East Stroudsburg, PA 18302 | $145,816.65 | 0% | **To be paid upon sale of real estate directly to creditor at closing. See paragraphs 1(B)(2), 9.** |

| **Citizens Bank of Pennsylvania (Claim 4-1)** | 5348 Spruce Lane, East Stroudsburg, PA 18302 | $114,004.53 | 0% | **To be paid upon sale of real estate directly to creditor at closing. See paragraphs 1(B)(2), 9.** |
|---|---|---|---|---|
| **Wells Fargo Bank, N.A. (Claim 5-1)** | 5340 Spruce Lane, East Stroudsburg, PA 18302 | $7,923.39 | 0% | **To be paid upon sale of real estate directly to creditor at closing. See paragraphs 1(B)(2), 9.** |
| **Rushmore Loan Management Services (Claim 9-1)** | 5340 Spruce Lane, East Stroudsburg, PA 18302 | $173,444.83 | 0% | **To be paid upon sale of real estate directly to creditor at closing. See paragraphs 1(B)(2), 9.** |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one*.

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $1500 already paid by the Debtor, the amount of $2500 in the plan **($2500 remaining attorney fee plus $0 for reimbursement of expenses)**. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall

require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines*.

☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

**B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service (Claim 1-1)** | $559.99 |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines*.

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case.

**7. DISCHARGE: (Check one)**

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
 Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Debtor intends for this Plan to pay 100% to all allowed claims. Each claim should be resolved as follows:

Claim 1-1 – Internal Revenue Service – Paid as a Priority Claim in Paragraph 3

Claim 2-1 – Pennsylvania Department of Revenue – Paid as a general unsecured creditor in the full amount of $1,313.32.

Claim 3-1 – Monroe County Tax Claim Bureau – This claim shall be paid upon the sale of real estate as set forth in Paragraph 1(B)(2) and Paragraph 2(D). The claim shall be paid directly to the creditor at closing. The creditor shall amend or withdraw its proof of claim upon payment in full.

Additionally, Debtor intends to challenge the validity of the debt in state court. In the event Debtor is successful in state court, creditor shall file an amended proof of claim which reflects the state court's ruling.

Claim 4-1 – Citizens Bank of Pennsylvania - This claim shall be paid upon the sale of real estate as set forth in Paragraph 1(B)(2) and Paragraph 2(D). The claim shall be paid directly to the creditor at closing. The creditor shall amend or withdraw its proof of claim upon payment in full.

Claim 5-1 – Wells Fargo Bank, N.A. - This claim shall be paid upon the sale of real estate as set forth in Paragraph 1(B)(2) and Paragraph 2(D). The claim shall be paid directly to the creditor at closing. The creditor shall amend or withdraw its proof of claim upon payment in full.

Claim 6-1 – Portfolio Recovery Associates – Debtor disputes this claim and intends to file an Objection to the Proof of Claim. Thus, Debtor has not provided for this claim in the Plan. If Debtor's Objection is overruled and the claim is allowed, Debtor will amend the Plan to pay this claim.

Claim 7-1 – Midland Funding, LLC – Debtor disputes this claim and intends to file an Objection to the Proof of Claim. Thus, Debtor has not provided for this claim in the Plan. If Debtor's Objection is overruled and the claim is allowed, Debtor will amend the Plan to pay this claim.

Claim 8-1 – Met-Ed – Paid as a general unsecured creditor in the full amount of $2,740.71.

Claim 9-1 – Songshooter Foundation Corp. –
> This claim is disputed, contingent, and unliquidated as it is currently pending in state court. The disputed, contingent, and unliquidated nature of the claim shall be resolved in state court. Confirmation of the Plan shall serve as Relief from the Automatic Stay such that the parties may litigate the claim in state court to determine the validity of the claim as well as the value of the claim. In the event Debtor prevails and judgment is in his favor, Songshooter Foundation Corp. shall withdraw its Proof of Claim. In the event Songshooter Foundation Corp. prevails, the Proof of Claim shall be amended to reflect the value of the state court judgment and Debtor shall amend the Plan to pay 100% of the claim or to pay the claim to the extent required by 11 U.S.C. 1322 and 1325.
>
> Additionally, there is a pending adversary action of Songshooter Foundation Corp. alleging non-dischargeability of the debt at Claim 9-1. Confirmation of the Plan is not intended to resolve the issue of non-dischargeability. Parties shall resolve the issue through the adversary proceeding.

Dated: <u>July 10, 2018</u>     <u>/s/ Patrick J. Best, Esq.</u>
                                Attorney for Debtor

                                <u>/s/ Daniel Malsch</u>
                                Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.